No. A-CV-02-86

# Supreme Court of the Navajo Nation

Riverview Service Station, *Plaintiff-Appellee*,

*vs.*

Thomas Eddie, *Defendant-Appellant.*

Decided March 11, 1987

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*Steven Boos, Esq., DNA-People's Legal Services, Mexican Hat, Utah for the Appellant; Herman Light, Esq., Shiprock, New Mexico for the Appellee.*

*Per Curiam.*

The issue in this case is whether the Supreme Court must automatically enlarge the time for filing an appeal if the appeal is filed by mail. We decide in the negative and dismiss the appeal.

The final judgment was signed by the district judge on January 6, 1986. The Appellant claims that the notice of appeal was mailed to the Supreme Court Clerk on January 31, 1986. The Clerk received the notice of appeal by mail on February 10, 1986, and it was filed on the same date. The Appellee filed a motion to dismiss the appeal alleging that the appeal was not timely. The Appellant responded raising the issue before us.

Within the Navajo Nation, an appeal is not timely unless it is filed with the Supreme Court Clerk within 30 days after entry of judgment by the district court. 7 N.T.C. §801(a); *Window Rock Mall, Ltd., et al. v. Day IV,* 3 Nav. R. 58 (1981); *The Navajo Tribe of Indians v. Yellowhorse, Inc., et al.,* 5 Nav. R. 133 (1987). Entry of judgment is the day that the district judge signs the final judgment or order and the appeal time begins to run the next day. *The Navajo Tribe of Indians v. Yellowhorse, Inc., et al., Id.* 7 N.T.C. §801(a) is a jurisdictional statute. *Window Rock Mall, Ltd., et al. v. Day IV,* 3 Nav. R. 58 (1981). Thus, the Supreme Court will not enlarge the time period for mail filing of an appeal.

The Appellant argues that he mailed the appeal several days prior to expiration of the time period, and the delay was beyond his control. This argument is unacceptable, because the Appellant assumed the risk of delay when he decided to file his appeal by mail. The time limits set forth in 7 N.T.C. §801(a) will not be enlarged for mail filings. The only possible enlargement is if the thirtieth day falls on a Saturday, Sunday, or court holiday. Then the appeal may be filed by the end of the next business day. Rule 20, *Navajo Rules of Appellate Procedure; See also* Rule 5(a), *Navajo Rules of Civil Appellate Procedure.*

The record shows that the appeal was not timely filed in this case. We have no choice but to grant the Appellee's motion to dismiss the appeal.